UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **MARY JOE BUNDY EVERAGE,**<br><br>    **Plaintiff,**<br><br>V.<br><br>**CENTRAL BROADCASTING SYSTEMS CORPORATION, INC., CBS TELEVISION STATIONS, CBS NEWS THIS MORNING, CBS TELEVISION CITY, CBS AFFILIATE WYMT, and CBS AFFILIATE WKYT.**<br><br>    **Defendants.** | **CIVIL ACTION NO. 7:18-102-KKC**<br><br>**OPINION AND ORDER** |

This matter is before the Court on the motions to dismiss (DE 9, 23, 25) filed by several defendants and on plaintiff Mary Joe Bundy Everage's motions to amend her complaint (DE 16) and for summary judgment (DE 38).

Everage is proceeding without counsel in this action. She is, however, quite familiar with the Court having been a party to multiple federal actions.

In 2005, she was indicted for attempting to impede and obstruct the Internal Revenue Service by making threats of violence and threats of force involving a firearm. (*United States v. Everage*, No. 7:05-11-DLB (filed May 16, 2005)). In that action, Judge David Bunning found that Everage was suffering from a mental disease or defect rendering her mentally incompetent to stand trial, and he ordered her committed for treatment. (*United States v. Everage*, No. 7:05-11-DLB, DE 28, Order (filed Dec. 16, 2005)). Judge Bunning further ordered that Everage be involuntarily administered

anti-psychotic medication. (*United States v. Everage*, No. 7:05-11-DLB, DE 63, Order (filed April 17, 2006)). After months of treatment, Judge Bunning determined that Everage had recovered from the symptoms of her mental illness to the extent that she was able to stand trial. The United States dismissed the charges against her, and Judge Bunning "strongly encouraged" her to continue with the medications that were prescribed by the Federal Medical Center. (*United States v. Everage*, No. 7:05-11-DLB, DE 72, Order (filed Aug. 23, 2006)).

This civil action is one of at least ten complaints she has filed in this district. Among those entities that Everage has sued have been the United States, Wal-Mart Stores, Inc., Ford Motor Company, the Nashville Songwriters Association International, ABC Television Network, Inc., NBC Television Network, Inc., Fox Broadcasting, and Walt Disney Company.

She currently has two active civil actions in this Court. In one, she alleges that she has suffered physical and mental damages after taking the anti-psychotic drug Risperdal or risperidone (the generic form) for ten years. She asserts various claims against Johnson & Johnson and Janssen Pharmaceuticals, Inc.

In this action, Everage sues Central Broadcasting Systems Corporation, Inc. (CBS) and various affiliates. She alleges that CBS affiliate WYMT has hidden cameras in her home and has transmitted her private life to other CBS stations in the country for use in television shows including soap operas, The Price is Right, Good Morning CBS News, and The View. (DE 1, Complaint at 7, 8.)

The allegations in this action are essentially the same as those Everage alleged in her action against ABC, NBC, Fox, and Walt Disney. *Everage v. ABC Television*

*Network, Inc.*, Case No. 7:18-119 (filed Nov. 16, 2018)). In that action also, she alleged that WYMT had hidden cameras in her home and transmitted her private life to all the major television networks for use in television shows. Judge Robert Wier permitted Everage to proceed *in forma pauperis* in that action. Thus, he screened the complaint under 28 U.S.C. § 1915(e)(2)(B)(i), which requires that the Court dismiss any such action that is frivolous. Judge Wier dismissed Everage's complaint, finding it to be "farfetched," and "fanciful and fantastic." (*Everage v. ABC Television Network, Inc.*, Case No. 7:18-119, DE 7, Opinion and Order (filed November 29, 2018)).

The defendants in this action now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

CBS asserts that two of the entities named in this action are not suable entities: CBS News This Morning and CBC Television City. Everage does not dispute this in her response to the motions to dismiss. Accordingly, these entities will be dismissed from

this action. Everage asserts no allegations against defendants WKYT-TV or CBS Television Stations, Inc. Accordingly, they must also be dismissed.

That leaves defendants CBS, CBS Television Stations, Inc. and CBS affiliate WYMT. As to the claims asserted against these defendants, in her complaint, Everage mentions three state law causes of action: false light, intentional or negligent infliction of emotional distress, (DE 1, Complaint at 4), defamation (DE 1, Complaint at 6), and invasion of privacy. (DE 1, Complaint at 6). She also refers to several federal statutes: 18 U.S.C. §§ 242, 245, 249; 42 U.S.C. § 1983; 18 U.S.C. § 2701, and the Patriot Act.

The Court will begin with the federal statutes.

As to Everage's claims under 18 U.S.C. §§241 and 242, these statutes criminalize conspiracies and actions to violate civil rights. Neither statute, however, provides for a private right of action. Thus, a private citizen lacks standing to file a claim under these statutes. *Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir.2008); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir.2003).

Likewise, the Hate Crimes Prevention Act, 18 U.S.C. § 249, provides criminal penalties for crimes involving race, religion, national origin, gender, sexual orientation, gender identity, or disability. But the statute does not authorize a private right of action. *See, e.g.*, *Wolf v. Jefferson Cty., Missouri*, No. 4:15-CV-1174-CEJ, 2016 WL 233247, at *2 (E.D. Mo. Jan. 20, 2016), *aff'd*, No. 16-1442, 2016 WL 10592264 (8th Cir. Oct. 12, 2016); *Wolfe v. Beard*, No. CIV.A. 10-2566, 2011 WL 601632, at *3 (E.D. Pa. Feb. 15, 2011).

Nor does the Patriot Act create a private right of action. *Towne Auto Sales, LLC v. Tobsal Corp.*, No. 1:16-CV-02739, 2017 WL 5467012, at *2 (N.D. Ohio Nov. 14, 2017);

4

*Taylor v. United States*, No. 3:14-CV-P287-S, 2014 WL 4244301, at *2 (W.D. Ky. Aug. 26, 2014).

As to Everage's claim under Title II of the Electronic Communications Privacy Act (the "ECPA"), which is found at 18. U.S.C. § 2701 ("The Stored Communications Act"), Congress's general purpose for the ECPA, including the Stored Communications Act, was to create a cause of action against "computer hackers (e.g., electronic trespassers)." *Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F. Supp. 2d 817, 820 (E.D.Mich.2000) (quoting *State Wide Photocopy Corp. v. Tokai Fin. Servs., Inc.*, 909 F.Supp. 137, 145 (S.D.N.Y.1995)). The act prohibits the intentional unauthorized accessing of electronic data.

A private right of action is available for any person aggrieved by an intentional or knowing violation of the statute. 18 U.S.C. § 2707(a). The elements of claim under the Stored Communications Act for unauthorized access of an e-mail account are:

(1) defendant intentionally accessed a facility through which an electronic communications service is provided;
(2) such access was not authorized or intentionally exceeded any authorization by the person or entity providing the electronic communications service, the user of that service with respect to a communication of or intended for that user, or a federal statute;
(3) defendant thereby obtained, altered, or prevented authorized access to an electronic communication while it was in electronic storage in such system; and
(4) the defendant's unauthorized access or access in excess of authorization caused actual harm to the plaintiff.

*Cornerstone Consultants, Inc. v. Prod. Input Solutions, L.L.C.*, 789 F. Supp. 2d 1029, 1047 (N.D.Iowa 2011).

Everage asserts only that on a single occasion, she found the names of her children and grandchildren "typed onto [her] e-mail page" and that she has had

5

"relentless computer problems for the past several years." She concludes by stating that "it is illegal to tap into private email by the Electronic Communication[s] Privacy Act (ECPA)." (DE 1, Complaint at 7.) These allegations are not sufficient to assert a claim under the Stored Communications Act. Everage does not explicitly allege that CBS, WYMT or anyone else accessed her e-mail account. If that is what she alleges, she does not state who accessed the account, when it occurred, what communications the hacker obtained, or how she was harmed by any such acts. Accordingly, this claim must be dismissed for failure to state a claim.

The final federal statute Everage mentions in her complaint is 42 U.S.C. § 1983. That statute provides individuals with a private right of action against state officials who violate the individual's rights under the U.S. Constitution or federal law. This claim fails because none of the defendants is a state actor. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.")

Accordingly, the Court must dismiss all of Everage's federal claims.

As to Everage's state-law claims, the false light claim requires that Everage allege that the defendants placed her in a "false light." *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 888 (Ky. 1981). Similarly, the defamation claim requires that Everage allege that the defendants made a false and defamatory statement about her. *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014). Everage does not make these allegations. Accordingly, these claims must be dismissed.

As to Everag'e claims for intentional or negligent infliction of emotional distress and invasion of privacy, these claims rely on Everage's allegation that CBS and WYMT

put hidden cameras in her home and then transmitted her private life to other CBS stations around the country for broadcast. (DE 1, Complaint at 4, 8.) The Court does not doubt that Everage believes that these actions have occurred. Nevertheless, the allegations are totally implausible. Such allegations cannot support a claim for relief.

Accordingly, the Court must dismiss all of Everage's state-law claims.

Defendant WKYT-TV asserts that the complaint against it must be dismissed not only because it fails to state a claim but also because Everage did not properly serve it with a copy of the complaint and summons.

WKYT-TV submits evidence that its corporate name is Gray Television Group, Inc. (DE 9-1, Filing.) Federal Rule of Civil Procedure 4(h)(1) provides that a corporation must be served in in one of two ways. The corporation may be served in the manner provided for under Kentucky state law. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Kentucky Rule of Civil Procedure 4.04(5) dictates that a corporation must be served by "serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf."

Alternatively, Federal Rule of Civil Procedure 4 provides that a corporation may be served by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

Thus, under either method of service, Everage was required to have a copy of the summons and complaint delivered to an officer or agent of Gray Television Group, Inc. Everage mailed a copy of the summons and complaint to "Bill Bryant, Anchor and

7

Managing Editor, CBS Affiliate, WKYT." (DE 7) WKYT-TV asserts, however, that Bryant is not the registered agent for WKYT-TV or an officer or agent of WKYT-TV. Everage does not dispute that assertion. Further, Federal Rule of Civil Procedure 4(c)(2) prohibits a party itself from serving the summons and complaint. Everage states in her Proof of Service that she personally served the Summons and Complaint via certified mail. (DE 7.) For all these reasons, the Court must also dismiss WKYT-TV as a party under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

Finally, the Court must deny Everage's motion to amend her complaint (DE 16, Motion.) The only distinction between the tendered amended complaint and the original complaint is the addition of Steve Hensley, who Everage identifies as the anchor and news director for WYMT; Neil Middleton, who Everage identifies as the vice president and general manager for WYMT; and Bill Bryant, who Everage identifies as the anchor and managing editor for WKYT. A motion to amend a complaint should be denied if the amendment would be futile. *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir.1984). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).

For all the reasons stated regarding the claims against CBS, CBT Televisions Stations, Inc., and WYMT, Everage's proposed federal and state law claims against these individual defendants would not withstand a motion to dismiss. In addition, the tendered amended complaint asserts no allegations against any of the individual defendants. Accordingly, the Court must deny Everage's motion to amend her complaint.

For all these reasons, the Court hereby ORDERS as follows:

1) The motion to dismiss by WKYT-TV and WYMT-TV (DE 9) is GRANTED and all claims against these defendants are dismissed with prejudice;

2) The motion to dismiss by CBS Corporation and CBS Television Stations, Inc. (DE 23) is GRANTED and all claims against these defendants are dismissed with prejudice;

3) All claims against CBS News This Morning and CBS Televisions city are DISMISSED with prejudice;

4) Everage's motion to amend her complaint (DE 16) is DENIED;

5) The motion to dismiss by Steve Hensely, Neil Middleton, and Bill Bryant (DE 25) is DENIED as moot, the Court having denied Everage's motion to amend her complaint to add these defendants; and

6) Everage's motion for summary judgment (DE 38) is DENIED, the Court having determined that all of her claims must be dismissed.

Dated March 6, 2019

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY